[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Yutonna S. Hunt is appealing from her conviction of one count of illegal processing of a drug document in violation of R.C.2925.23(B)(1) after she entered a no contest plea before the trial court.
Her sole assignment of error on appeal is as follows:
 THE TRIAL COURT ERRED IN CONVICTING THE DEFENDANT FOR THE ILLEGAL PROCESSING OF A DRUG DOCUMENT WHERE THE STATE'S STATEMENT OF FACTS DURING THE NO CONTEST PLEA ABSOLUTELY NEGATED AN ESSENTIAL ELEMENT OF THE OFFENSE.
The essence of her argument is that since she is being charged with filling out information on a bag which was handed to the pharmacist, continuing a prescription, she did not herself "utter" the prescription (which admittedly had been forged by her companion) itself to the pharmacist, and therefore, in the State's statement of facts before the trial court, the essential element of uttering a forged prescription was negated and she was, therefore, found guilty in error.
The statement of facts by the State which appellant refers to and which was presented to the trial court during the plea hearing is as follows:
 MS. SORRELL: Yes, Your Honor. If the case had gone to trial, the State would have shown on December 31, 1995, in Montgomery County, Ohio, that Ms. Hunt did intentionally make, utter, sell or knowingly possess a false or forged prescription for a controlled substance, that being Percoset, a drug included in Schedule II.
 Specifically, we would have called the clerk at the Meijers store who would have testified that she observed Ms. Hunt write out part of a prescription bag and turn that bag and prescription into the pharmacy department to be filled. Further, the Miami Valley Regional Crime Lab would have been called to testify that that was her writing on that prescription bag, and we would have also called the doctor to indicate that that was not his writing on the prescription. Tr. 8. (Emphasis supplied.)
The appellant's attorney made the same argument to the trial court, which subsequent to the hearing found her guilty and rejected her argument in a written decision and order, as follows: ". . . the Court finds that there was no negation of an element of the offense in the fact statement. The fact statement supports a finding that the Defendant intentionally and knowingly "possessed" and "uttered" a bag containing a forged prescription. The writing on the prescription bag was not the offense; but it shows her knowing participation in possessing and uttering the forged prescription." Doc. 19.
At the hearing the appellant did not contest that she had given the pharmacist the bag which contained the forged prescription. It is, therefore, clear from the statement of facts and all the surrounding circumstances, that she did possess a forged prescription in that it was inside the bag that she possessed, and in fact, turned it, via the bag, over to the pharmacist.
By turning over the paper bag which contained the forged prescription to the pharmacist, she was in possession of and uttered the forged prescription. We find no error on the part of the trial court.
The assignment of error is overruled, and the judgment is affirmed.
BROGAN, J. and GRADY, J., concur.
Copies mailed to:
Steven J. Ring
Joyce M. Deitering
Hon. Patrick J. Foley